IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.C., A MINOR, AND P.C., PARENT AND GUARDIAN OF J.C. <br>    PLAINTIFFS, <br><br> v. <br><br> DELAWARE VALLEY SCHOOL DISTRICT, <br>    DEFENDANT. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. |

**COMPLAINT**

Plaintiffs J.C. and her Parent, P.C., file the following Complaint against Delaware Valley School District:

**I     PARTIES**

1. Plaintiff, J.C. (hereinafter referred to as "Student") is a seventeen-year-old student enrolled in the Delaware Valley School District at the time of the filing of this Complaint. For all times relevant, the Student's residence is within the boundaries of the School District and Pike County, Pennsylvania.

2. Plaintiff, P.C. (hereinafter individually referred to as "Parent" and collectively with J.C. as "Plaintiffs"), is the parent of J.C. For all times

relevant the P.C.'s residence has been within the boundaries of the School District and Pike County, Pennsylvania

3. The Delaware Valley School District (hereinafter referred to as "School District") is a governmental entity that, pursuant to state law and with receipt of a substantial amount of federal funds, provides educational services to school-aged children residing within its boundaries. The School District is governed by a nine-member board that the Commonwealth of Pennsylvania commissions to administer and enforce, *inter alia*, the statutory mandates of the IDEA, Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter referred to as "Section 504"), Americans with Disabilities Act, 42, U.S.C., §12111, (hereinafter referred to as "ADA"), and other related federally funded programs to eligible students enrolled in the school district. The School District's administrative offices are at 236 Routes 6 and 209, Milford, Pennsylvania, 18337.

**II     JURISDICTION AND VENUE**

4. 28 U.S.C.S. §1331 provides that United States District Courts have original jurisdiction over matters where a federal question is raised in cases under the Constitution, laws, or treaties of the United States.

5. Section 1343 of 28 U.S. Code provides that United States District Courts have original jurisdiction over any civil action to redress the deprivation,

under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as the School District is located in this judicial district and conducts business within this judicial district. The plaintiffs reside in this judicial district, and their claims arose within its geographical boundaries.

**III    STATUTORY AND REGULATORY BACKGROUND**

7. Section 504 prohibits discrimination against persons with a handicap, including students with disabilities, participating in federally funded programs. It requires the identification of all disabled students and the provision of appropriate special educational services. Section 504 defines a "handicapped person" as "any person who has a physical or mental impairment which substantially limits one or more major life activities." 34 C.F.R. §104.3. A physical or mental impairment is "any physical or psychological disorder." Id. "Major life activities" include "functions such as caring for one's self…learning and working." Id. Section 504 requires recipients of federal funds to provide FAPE to each qualified handicapped

person in the recipient's jurisdiction, regardless of the nature and severity of the person's handicap." 34 C.F.R. §104.3.

8. Section 504 also states that "in any action or proceeding to enforce or charge a violation of a provision of this title [29 USCS §§ 790 et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. 794(a).

9. The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

10. The Civil Rights Act of 1964 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
>
> 42 U.S.C. §1983.

11. The Civil Rights Act of 1964 also states that "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs" for claims raised under Section 1983. Id. at §1988.

4

## IV    FACTUAL BACKGROUND

12. The Student has disabilities that impact her life that are related to her mental health.

13. For all times relevant, the Student exhibited ongoing daily mental health. At times, the Student's mental health was so fragile that the Student exhibited suicidal tendencies and also required residential care.

14. For all times relevant to this complaint, the School District found the Student eligible for special education services based on emotional and mental health needs.

15. On December 3, 2024, the Student was caught with both a nicotine vape pen and a charger for a vape pen in her backpack while in school.

16. From December 3, 2024, through January 13, 2025, the Student was not cited or charged with any summary offense or crime for possessing either the vape pen or the charger.

17. On January 13, 2025, the Parent filed a special education due process complaint against the School District, alleging violations of the IDEA, Section 504, and the ADA.

18. On January 14, 2025, a day after the Parent filed a special education complaint against the School District, the School District School Resource

Officer ("SRO") filed a Written Allegation against the Student with the Pike County Court, Pike County, Pennsylvania.[1]

19. Based on the Student's possession of the above-referenced charger in her backpack and nothing else, the Written Allegation made the following accusation against the Student:

> The actor, not being registered under the Controlled Substance, Device and Cosmetic Act, Act of April 14, 1972, nor a practitioner registered or licensed by the appropriate State Board, used or possessed with intent to use drug paraphernalia for the purpose of *charging a [sic] electronic THC pen*, ingesting, inhaling or otherwise introducing into the human body, a controlled substance, in violation of Section13(a)(32) of the Controlled Substance, Drug Device and Cosmetic Act, Act of April 14, 1972, as amended, 35 P.S. -780-112(a)(32), as amended. [Emphasis quoted].

20. This matter is now being handled by the Pike County District Attorney's office and Pike County Probation Department to determine whether the Student will be charged with a crime for possessing a charger in school.

21. In an unrelated event, earlier in the 2024-25 school year, the School District cited the Student with a summary offense for possessing a vape pen in school. The fine was approximately $220. The Student and Parent understand that a fine of this amount is a typical consequence of possessing a vape pen in school.

---

[1] The School District's SRO is either employed directly by the School District or the School District pays for the SRO's police services through a local police department.

22. The School District's conduct has significantly exacerbated the Student's mental disorders to the point that she is suffering emotional distress and harm.

## VI  LEGAL CLAIMS

### COUNT 1
### RETALIATION
### FIRST AMENDMENT RIGHT TO PETITION
### FOURTEENTH AMENDMENT DUE PROCESS
### 42 U.S.C. §1983; IDEA; SECTION 504

23. Plaintiffs incorporate the preceding paragraphs as if set out here in full.

24. The Plaintiffs engaged in a Constitutionally protected activity by filing a special education due process complaint against the School District under the IDEA, Section 504, and the ADA.

25. The School District's actions described in the Factual Background of this Complaint would chill a person of ordinary firmness from continuing to engage in the protected activity of filing a special education complaint.

26. The protected activity was a substantial or motivating factor in the School District's conduct.

27. The School District's conduct was temporally related to the Student exercising her right to file a due process hearing complaint.

28. The School District acted under the color of state law as a government entity.

29. As a result of the School District's retaliatory conduct, the Student, who is already disabled, suffered educational and emotional harm.

## COUNT 2
## DISABILITY DISCRIMINATION
## DELIBERATE INDIFFERENCE
## OR INTENT
## RA, ADA

30. Plaintiffs incorporate the preceding paragraphs as if set out here in full.

31. The Student is a handicapped person who has impairments that substantially limit her life activities.

32. The Student is otherwise qualified to receive special education services and file a complaint against the School District alleging inadequacies of services;

33. The School District is a recipient of federal funds.

34. The School District discriminated against the Student by showing deliberate indifference and/or intent to discriminate, as described in the Factual Background section of this Complaint.

35. The School District's deliberate indifference or intent to discriminate was based on disability and her right to file a special education complaint as a disabled person.

36. The School District's deliberate indifference and/or intent caused the Student to suffer damage, trauma, and distress.

37. Administrative remedies alone do not rectify the School District's actions described above.

## COUNT 3
## PROCEDURAL DUE PROCESS VIOLATION
## FOURTEENTH AMENDMENT, SECTION 1983
## AND/OR
## RA, ADA

38. Plaintiffs incorporate all preceding paragraphs as if set out in full.

39. The School District acted under the color of state law when it exhibited a pattern of conduct described in the Factual Background section of this Complaint.

40. The School District's pattern of conduct caused or attempted to cause the Plaintiffs' rights secured under the Constitution or federal laws to be violated.

41. The School District's conduct caused the Student to suffer educational and emotional trauma.

42. The deprivation occurred without due process of law.

## COUNT 4
## FAILURE TO TRAIN
## FOURTEENTH AMENDMENT, SECTION 1983
## AND/OR
## RA, ADA

43. The Plaintiff incorporates all preceding paragraphs as if set out in full.

44. The School District staff exhibited deliberate indifference or intent to

discriminate, as described in the Factual Background of this Complaint.

45. The School District's failure to train its staff caused or attempted to cause the Plaintiffs' rights to be taken without due process.

46. The School District's conduct consisted of a policy, practice or custom of acting with intent or deliberate indifference to discriminate.

47. The School District's failure to train its staff caused the Plaintiffs to suffer educational and emotional trauma.

## COUNT 5
## FAILURE TO SUPERVISE
## FOURTEENTH AMENDMENT, SECTION 1983
## AND/OR
## RA, ADA
## (PLAINTIFFS v. DEFENDANT)

48. The Plaintiff incorporates all preceding paragraphs as if set out in full.

49. The School District staff exhibited deliberate indifference or intent to discriminate, as described in the Factual Background section of this Complaint.

50. The School District's failure to supervise consisted of a policy, practice, or custom of acting with intent or deliberate indifference to discriminate.

51. The School District's failure to supervise its staff caused the Plaintiffs to suffer educational and emotional trauma.

## COUNT 6
## DEMAND FOR ATTORNEY'S FEES
## (RA, 29 U.S.C. 794(a); ADA, 42 U.S.C. 12133; 42 U.S.C. §1988)

52. Plaintiffs incorporate the preceding paragraphs as if set out here in full.

53. Statutes raised through Counts 1 through 5 of this Complaint all contain fee-shifting provisions.

54. Given the likelihood of success of these claims, the Plaintiffs seek full reimbursement for fees and costs associated with this present litigation under the RA, ADA, and 42 U.S.C. §1988.

55. The Plaintiffs reserve the right to amend and submit their invoices regarding attorney's fees and costs associated with litigation relating to this matter through a subsequent fee petition, if necessary.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff demands:

A.  Judgment for an award of damages pertaining to emotional harm associated with the District's discriminatory and retaliatory conduct, as described in the Factual Background section of this Complaint;

B.  An Order for the School District to change its policy, practice or custom of discriminating and retaliating against the Student.

C.  An Order for the School District to adequately train staff regarding disability discrimination and retaliation against protected speech;

11

D.  An Order for the School District to adequately supervise staff regarding disability discrimination and retaliation against protected speech;

E.  An Order for the School District to pay for all Plaintiffs' Attorney's fees and costs associated with the present litigation, pursuant to the IDEA, RA, ADA, §1988, and other federal laws;

F.  Any other relief as the Court deems fitting and just.

Respectfully submitted,

February 8, 2025
Date

Drew Christian, PA 85584
Post Office Box 166
Waverly, Pennsylvania, 18471
(570) 343-1006
drewchristian123@gmail.com

Counsel for J.C. and P.C., Plaintiffs.